**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILMINGTON TRUST, N.A., solely in its capacity as Trustee for the benefit of the holders of HMH Trust 2017-NSS, Commercial Mortgage Pass-Through Certificates, Series 2017-NSS,<br><br>        Plaintiff,<br><br>   v.<br><br>5400 RALEIGH CRABTREE, LLC, 4025 WINDWARD PLAZA ALPHARETTA, LLC, 769 HAMMOND ATLANTA, LLC, 8419 N TRYON CHARLOTTE, LLC, 401 BAY AREA CLEAR LAKE, LLC, 2536 W BERYL PHOENIX, LLC, 201 ASHVILLE RALEIGH, LLC, 12828 SAN PEDRO SAN ANTONIO, LLC, 10611 CHEVROLET - FORT MYERS, LLC, 2200 EAST HIGHWAY 50 - CLERMONT, LLC, 1150 NW FEDERAL - STUART, LLC, 4545 CHABOT CA, LLC, 4245 NORTH DRINKWATER AZ, LLC, 2611 CONTRA COSTA CA, LLC, 1922 SKIBO CROSS CREEK LLC, 4641 KENMORE VA, LLC, 5614 VINELAND - ORLANDO, LLC, 700 ST. CHARLES, LLC, 3798 WHITE LAKE - NAPLES, LLC, 3808 WHITE LAKE - NAPLES, LLC, 2504 N LOOP BROOKHOLLOW, LLC, and 6320 GOLDEN TRIANGLE MD, LLC,<br><br>        Defendants. | Case No. _____ |

## <u>COMPLAINT</u>

   Plaintiff Wilmington Trust, N.A., solely in its capacity as Trustee for the benefit of the holders of HMH Trust 2017-NSS, Commercial Mortgage Pass-Through Certificates, Series 2017-NSS ("<u>Plaintiff</u>"), acting by and through Aegon USA Realty Advisors, LLC ("Aegon"), solely in its capacity as Special Servicer, states its complaint as follows:

## **NATURE OF ACTION**

1.      This diversity action involves Plaintiff, as lender, seeking to protect the collateral securing its $204,000,000 loan made to the twenty-two defendant-borrowers under a single loan agreement, known as the "HMH Portfolio."  The twenty-two defendant-borrowers operate twenty-two hotels across nine states.  The defendant-borrowers operate under four different franchise flags (including Hilton, Marriott, Hyatt, and Choice).  The collateral securing the HMH Portfolio and Plaintiff's loan are the 99-year ground leases for twenty-one of the properties on which each hotel sits (and for one property, the fee simple interest), along with all improvements thereon (*i.e.*, the hotels).

2.      Starting in April 2020, Defendants failed to make the monthly payments due under the terms of the loan, have failed to make critical payments on the ground leases needed to ensure Plaintiff does not lose its collateral, and are at risk of losing their hotel franchise flags unless additional funds are invested to improve the hotel properties.  Defendants have stated that they "have come to the painful conclusion that the HMH Portfolio will require a more substantive additional investment than current ownership would be organized to make in the long term," and that they desire to relinquish managerial duties for the hotels.

3.      By this action, Plaintiff seeks, among other things, to recoup costs associated with Defendants' breaches of contract, an accounting, and the appointment of a receiver to manage the hotels within the HMH Portfolio

4.      Defendants consent to the appointment of a receiver with respect to the HMH Portfolio, through the signed Declaration of Kimberly F. Aquino, the authorized representative for each of the Defendants.

## PARTIES

**A.    *Plaintiff / Lender***

5.    Plaintiff Wilmington Trust, N.A. is a national banking association with its designated main office located at 1100 North Market Street, Wilmington, Delaware 19890. Plaintiff is a citizen of Delaware for purposes of diversity jurisdiction.

6.    Plaintiff is the duly appointed and presently serving Trustee under the trust created under the Trust and Servicing Agreement (the "TSA") dated as of June 27, 2017.

7.    Plaintiff, not individually, but solely in its capacity as such Trustee under the TSA, brings this action as Plaintiff acting by and through the Special Servicer of the trust, Aegon.

**B.    *Defendants / Borrowers***

8.    Each of the twenty-two Defendants individually operate one of the twenty-two hotels that act as collateral for the $204,000,000 loan, held by Plaintiff, that was used to purchase and improve the hotel properties at issue.  The Loan is secured by, among other things, the 99-year ground leases and/or fee simple interest in the land on which each hotel property sits, along with the hotels themselves.

9.    Defendant 5400 Raleigh Crabtree, LLC ("Crabtree LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Crabtree LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Hilton Homewood Suites Raleigh" located at 5400 Homewood Banks Drive, Raleigh, North Carolina 27612.

10.    Defendant 4025 Windward Plaza Alpharetta, LLC ("Windward LLC")  is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Windward LLC is the ground-lessor certain

real property and improvements, commonly known as the "Hilton Garden Inn Atlanta North" located at 4025 Windward Plaza, Alpharetta, Georgia 30005.

11.    Defendant 769 Hammond Atlanta, LLC ("Hammond LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Hammond LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Hilton Hampton Inn Atlanta" located at 769 Hammond Drive NE, Atlanta, Georgia 30328.

12.    Defendant 8419 N Tryon Charlotte, LLC ("Tryon LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Tryon LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as "Hilton Hampton Inn Charlotte" located 8419 N. Tryon Street, Charlotte, North Carolina 28262.

13.    Defendant 401 Bay Area Clear Lake, LLC ("Clear Lake LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Clear Lake LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Hilton Homewood Suites Houston" located at 401 Bay Area Boulevard, Houston, Texas 77058.

14.    Defendant 2536 W Beryl Phoenix, LLC ("Phoenix LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Phoenix LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Hilton Homewood Suites Phoenix" located at 2536 W. Beryl Avenue, Phoenix, Arizona 85021.

15.     Defendant 201 Ashville Raleigh, LLC ("Ashville LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Ashville LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Hilton Hampton Inn Raleigh" located at 201 Ashville Avenue, Cary, North Carolina 27518.

16.     Defendant 12828 San Pedro San Antonio, LLC ("San Pedro LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant San Pedro LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Hilton Garden Inn San Antonio" located at 12828 San Pedro Avenue, San Antonio, Texas 78216.

17.     Defendant 10611 Chevrolet - Fort Myers, LLC ("Chevrolet LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Chevrolet LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Hilton Hampton Inn & Suites Fort Myers" located at 10611 Chevrolet Way, Estero, Florida 33928.

18.     Defendant 2200 East Highway 50 – Clermont, LLC ("Clermont LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Clermont LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Hilton Hampton Inn & Suites Clermont" located at 2200 East Highway 50, Clermont, Florida 34711.

19.     Defendant 1150 NW Federal – Stuart, LLC ("Stuart LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Stuart LLC is the lessee under a 99-year ground lease

of certain real property and improvements, commonly known as the "Hilton Hampton Inn & Suites Stuart" located at 1150 NW Federal Highway, Stuart, Florida 34994.

20.    Defendant 4545 Chabot CA, LLC ("Chabot LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Chabot LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Hyatt House Pleasanton" located at 4545 Chabot Drive, Pleasanton, California 94588.

21.    Defendant 4245 North Drinkwater AZ, LLC ("Drinkwater LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Drinkwater LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Hyatt House Scottsdale" located at 4245 North Civic Center Boulevard, Scottsdale, Arizona 85251.

22.    Defendant 2611 Contra Costa CA, LLC ("Costa LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.  Defendant Costa LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Hyatt House Pleasant Hill" located at 2611 Contra Costa Boulevard, Pleasant Hill, California 94523.

23.    Defendant 1922 Skibo Cross Creek LLC ("Skibo LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815.   Defendant Skibo LLC owns certain real property and improvements, commonly known as the "Choice Comfort Inn Fayetteville" located at 1922 Skibo Road, Fayetteville, North Carolina 28314.

24.     Defendant 4641 Kenmore VA, LLC ("Kenmore LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815. Defendant Kenmore LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Marriott Courtyard Alexandria" located at 4641 Kenmore Avenue, Alexandria, Virginia 22304.

25.     Defendant 5614 Vineland – Orlando, LLC ("Vineland LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815. Defendant Vineland LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Marriott Fairfield Inn & Suites Orlando" located at 5614 Vineland Road, Orlando, Florida 32819.

26.     Defendant 700 St. Charles, LLC ("St. Charles LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815. Defendant St. Charles LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Marriott Courtyard Chicago" located at 700 Courtyard Drive, St. Charles, Illinois 60174.

27.     Defendant 3798 White Lake – Naples, LLC ("3798 White Lake LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815. Defendant 3798 White Lake LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Marriott SpringHill Suites Naples" located at 3798 White Lake Boulevard, Naples, Florida 34117.

28.     Defendant 3808 White Lake – Naples, LLC ("3808 White Lake LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue,

Suite 800, Chevy Chase, Maryland 20815. Defendant 3808 White Lake LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Marriott Fairfield Inn & Suites Naples" located at 3808 White Lake Boulevard, Naples, Florida 34117.

29.     Defendant 2504 N Loop Brookhollow, LLC ("Brookhollow LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815. Defendant Brookhollow LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Marriott Courtyard Houston" located at 2504 North Loop West, Houston, Texas 77092.

30.     Defendant 6320 Golden Triangle MD, LLC ("Golden LLC") is a limited liability company that maintains its principal place of business located at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland 20815. Defendant Golden LLC is the lessee under a 99-year ground lease of certain real property and improvements, commonly known as the "Marriott Residence Inn Greenbelt" located at 6320 Golden Triangle Drive, Greenbelt, Maryland 20770.

31.     Defendants 5400 Raleigh Crabtree, LLC, 4025 Windward Plaza Alpharetta, LLC, 769 Hammond Atlanta, LLC, 8419 N Tryon Charlotte, LLC, 401 Bay Area Clear Lake, LLC, 2536 W Beryl Phoenix, LLC, 201 Ashville Raleigh, LLC, 12828 San Pedro San Antonio, LLC, 10611 Chevrolet - Fort Myers, LLC, 2200 East Highway 50 - Clermont, LLC, 1150 NW Federal - Stuart, LLC, 4545 Chabot CA, LLC, 4245 North Drinkwater AZ, LLC, 2611 Contra Costa CA, LLC, 1922 Skibo Cross Creek LLC, 4641 Kenmore VA, LLC, 5614 Vineland - Orlando, LLC, 700 St. Charles, LLC, 3798 White Lake - Naples, LLC, 3808 White Lake - Naples, LLC, 2504 N Loop Brookhollow, LLC, and 6320 Golden Triangle MD, LLC are collectively referred to as "Defendants" or "Borrowers" herein.

32.     Under Section 19.1 of the Loan Agreement (as defined below), Defendants consented to personal jurisdiction in this Court and duly appointed Corporation Service Company, 1180 Avenue of the Americas, Suite 210, New York, NY 10036 as their registered agent to accept service of process.

33.     For purposes of diversity jurisdiction, each Defendant is a citizen of Maryland, Pennsylvania, and Hawaii, as the members of each Defendant, as well as the individuals who are members of the parent entities of each Defendant, are citizens of Maryland, Pennsylvania, and Hawaii.

## JURISDICTION AND VENUE

34.     This dispute arises between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Therefore, this Court has diversity jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1332.

35.     Pursuant to Section 19.1(a) of the Loan Agreement, the Loan Agreement is governed by and shall be construed in accordance with the laws of the State of New York.

36.     Section 19.1(b) of the Loan Agreement, contains a permissive forum selection clause, permitting Plaintiff to commence suit in this Court.

37.     Section 19.1(b) of the Loan Agreement further provides that Defendants "irrevocably submit[] to the jurisdiction" of this Court.

38.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

A.      *The Loan*

39.     By Loan Agreement dated as of June 28, 2017 (the "Loan Agreement"), original lender National Select Service Funding, LLC ("Original Lender"), Plaintiff's predecessor-in-

9

interest, agreed to loan Defendants the principal amount of $204,000,000 (the "Loan").  A copy of the Loan Agreement is attached hereto as Exhibit 1.

40.    As evidence of the Loan, Defendants executed and delivered to Original Lender the Consolidated, Renewal, Amended and Restated Promissory Note dated June 28, 2017 in the original principal amount of $204,000,000 (the "Note").  A copy of the Consolidated, Renewal, Amended and Restated Promissory Note is attached hereto as Exhibit 2.

41.    Pursuant to the terms of the Note, Defendants, *inter alia*, agreed to pay to the order of Original Lender, and it successors and assigns, the principal sum of $204,000,000 plus interest through the maturity date of July 1, 2022, at which time all amounts due under the Note and related loan documents became immediately due and payable.

42.    The Loan was allocated to each Defendant in the following proportions:

| Defendant Name | State | Hotel Franchise Flag | Allocated Loan Amount |
|---|---|---|---|
| Crabtree LLC | NC | Homewood Suites | $9,458,182 |
| Windward LLC | GA | Hilton Garden Inn | $15,949,091 |
| Hammond LLC | GA | Hampton Inn | $6,398,182 |
| Tryon LLC | NC | Hampton Inn | $6,305,455 |
| Clear Lake LLC | TX | Homewood Suites | $4,868,182 |
| Phoenix LLC | AZ | Homewood Suites | $6,212,727 |
| Ashville LLC | NC | Hampton Inn | $5,795,455 |
| San Pedro LLC | TX | Hilton Garden Inn | $4,311,818 |
| Chevrolet LLC | FL | Hampton Inn & Suites | $3,616,364 |
| Clermont LLC | FL | Hampton Inn & Suites | $7,557,273 |
| Stuart LLC | FL | Hampton Inn & Suites | $7,163,182 |
| Chabot LLC | CA | Hyatt House Hotel | $23,042,727 |

| Defendant Name | State | Hotel Franchise Flag | Allocated Loan Amount |
|---|---|---|---|
| Drinkwater LLC | AZ | Hyatt House Hotel | $16,598,182 |
| Costa LLC | CA | Hyatt House Hotel | $20,956,364 |
| Skibo LLC | NC | Comfort Inn | $7,928,182 |
| Kenmore LLC | VA | Courtyard by Marriott | $13,584,545 |
| Vineland LLC | FL | Fairfield Inn & Suites | $5,934,545 |
| St. Charles LLC | IL | Courtyard by Marriott | $7,116,818 |
| 3798 White Lake LLC | FL | SpringHill Suites | $3,894,545 |
| 3808 White Lake LLC | FL | Fairfield Inn & Suites | $4,033,636 |
| Brookhollow LLC | TX | Courtyard by Marriott | $6,954,545 |
| Golden LLC | MD | Residence Inn | $16,320,000 |

**B.    *The Collateral Security***

43.    As collateral security for the payment of the Note, each of the Defendants executed, acknowledged and delivered to Original Lender security instruments each dated as of June 28, 2017 (the "Security Instruments"), pursuant to which Defendants, among other things, granted Original Lender a security interest in twenty-one 99-year ground leases, improvements situated on the leased ground (*i.e.*, the twenty-one hotels), rents, leases, and related accounts and fixtures, as well as, from Defendant Skibo LLC, a security interest in its fee simple ownership interest and improvements thereon (*i.e.*, the hotel), rents, leases, and related accounts and fixtures (collectively, the "Hotels" or "Properties").  Although the documents comprising the Security Instruments are substantively nearly identical, the titles of the documents vary slightly.  Specifically, there are fifteen "Deed of Trust" documents, two "Deed to Secure Debt" documents, and seven "Mortgage" documents.  Copies of the Security Instruments are attached collectively as Exhibits 3a-3v. Specifically, they are:

| Defendant | Security Instrument |
|---|---|
| 5400 Raleigh Crabtree, LLC | Leasehold Deed of Trust, Assignment of Leases and Rents and Security Agreement |
| 4025 Windward Plaza Alpharetta, LLC | Leasehold Deed to Secure Debt, Assignment of Leases and Rents and Security Agreement |
| 769 Hammond Atlanta, LLC | Leasehold Deed to Secure Debt, Assignment of Leases and Rents and Security Agreement |
| 8419 N Tryon Charlotte, LLC | Leasehold Deed of Trust, Assignment of Leases and Rents and Security Agreement |
| 401 Bay Area Clear Lake, LLC | Leasehold Deed of Trust, Assignment of Leases and Rents, and Security Agreement and Fixture Filing |
| 2536 W Beryl Phoenix, LLC | Leasehold Deed of Trust, Assignment of Leases and Rents, and Security Agreement and Fixture Filing |
| 201 Ashville Raleigh, LLC | Leasehold Deed of Trust, Assignment of Leases and Rents and Security Agreement |
| 12828 San Pedro San Antonio, LLC | Leasehold Deed of Trust, Assignment of Leases and Rents and Security Agreement, and Fixture Filing |
| 10611 Chevrolet - Fort Myers, LLC | Amended and Restated Multi-State Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| 2200 East Highway 50 - Clermont, LLC | Amended and Restated Multi-State Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| 1150 NW Federal - Stuart, LLC | Amended and Restated Multi-State Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| 4545 Chabot CA, LLC | Leasehold Deed of Trust, Assignment of Leases and Rents, Security Agreement, and Fixture Filing |
| 4245 North Drinkwater AZ, LLC | Leasehold Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| 2611 Contra Costa CA, LLC | Leasehold Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing |

| Defendant | Security Instrument |
|---|---|
| 1922 Skibo Cross Creek LLC | Deed of Trust, Assignment of Leases and Rents and Security Agreement |
| 4641 Kenmore VA, LLC | Credit Line Leasehold Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| 5614 Vineland - Orlando, LLC | Amended and Restated Multi-State Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| 700 St. Charles, LLC | Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| 3798 White Lake - Naples, LLC | Amended and Restated Multi-State Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| 3808 White Lake - Naples, LLC | Amended and Restated Multi-State Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| 2504 N Loop Brookhollow, LLC | Leasehold Deed of Trust, Assignment of Leases and Rents, Security Agreement, and Fixture Filing |
| 6320 Golden Triangle MD, LLC | Leasehold Deed of Trust, Assignment of Leases and Rents, Security Agreement, and Fixture Filing |

44.    The Hotels include a number of high-profile hotel brands under the Hilton, Marriott, Hyatt, and Choice flags: Homewood Suites, Hilton Garden Inn, Hampton Inn, Hampton Inn & Suites, Hyatt House Hotel, Comfort Inn, Courtyard by Marriott, Fairfield Inn & Suites, SpringHill Suites, and the Residence Inn.

45.    Defendant Crabtree LLC operates the Hilton Homewood Suites Raleigh, a 7-story, 137-key, extended stay hotel built in 1998 near downtown Raleigh, NC.  The Property is located in the Crabtree Valley Corridor, proximate to the Research Triangle Park and Raleigh-Durham International Airport. The Hilton Homewood Suites Raleigh has undergone approximately $2.7

million in capital expenditures since 2012 ($19,648 per key), with an additional $475,280 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

46.    Defendant Windward LLC operates the Hilton Garden Inn Atlanta North, a 4-story, 164-key, select service hotel built in 1998 located 25 miles north of downtown Atlanta along the GA 400, "Golden Corridor." The Hilton Garden Inn Atlanta North has undergone approximately $2.5 million in capital expenditures since 2012 ($15,459 per key), with an additional $164,210 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan

47.    Defendant Hammond LLC operates the Hilton Hampton Inn Atlanta, a 4-story, 131-key, select service hotel built in 1996 located in Atlanta, GA. The Marriot Courtyard Atlanta has undergone approximately $1.4 million in capital expenditures since 2012 ($10,662 per key), with an additional $613,193 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

48.    Defendant Tryon LLC operates the Hilton Hampton Inn Charlotte, a 6-story, 126-key, select service hotel built in 1991 in Charlotte, NC, just east of I-85 offering access to Charlotte's expansive leisure and corporate demand base. The Hilton Hampton Inn Charlotte has undergone approximately $1.6 million in capital expenditures since 2012 ($13,085 per key), with an additional $609,495 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

49.    Defendant Clear Lake LLC operates the Hilton Homewood Suites Houston, a 4-story, 92-key, extended stay hotel built in 1995 located southeast of downtown Houston, TX, near numerous corporate demand generators and the Clear Lake Regional Medical Center. The Hilton Homewood Suites Houston has undergone approximately $1.7 million in capital expenditures

since 2012 ($18,399 per key), with an additional $661,176 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

50.    Defendant Phoenix LLC operates the Hilton Homewood Suites Phoenix, a 5-story, 126-key, extended stay hotel in built in 1998 Phoenix, AZ, located 10 minutes north of downtown. The Hilton Homewood Suites Phoenix has undergone approximately $2.2 million in capital expenditures since 2012 ($17,391 per key), with an additional $1,216,960 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

51.    Defendant Ashville LLC operates the Hilton Hampton Inn Raleigh, a 5-story, 129-key, is a select service hotel built in 1989 in Cary. North Carolina located southwest of downtown Raleigh near the Research Triangle Park and Raleigh-Durham International Airport.  The Hilton Hampton Inn Raleigh has undergone approximately $1.9 million in capital expenditures since 2012 ($15,073 per key), with an additional $497,301 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

52.    Defendant San Pedro LLC operates the Hilton Garden Inn San Antonio, a 4-story, 117-key, select service hotel built in 1985 situated along San Pedro Avenue directly off U.S. Route 281, 0.4 miles from the San Antonio International Airport.  The Hilton Garden Inn San Antonio has undergone approximately $2.4 million in capital expenditures since 2012 ($20,815 per key), with an additional $630,608 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

53.    Defendant Chevrolet LLC operates the Hilton Hampton Inn & Suites Fort Myers, a 4-story, 94-key, select service hotel built in 2007 located along Interstate 75 between Fort Myers and Naples, Florida, a few minutes' drive from Southwest Florida International Airport, the Miramar Outlet Mall, and the Florida Gulf Coast University.  The Hilton Hampton Inn & Suites

Fort Myers has undergone $372,884 in capital expenditures since 2012 ($3,967 per key), with an additional $1,337,526 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

54.    Defendant Clermont LLC operates the Hilton Hampton Inn & Suites Clermont, a 4-story, 87-key, select service hotel built in 2006 located in Clermont, Florida only 20 minutes west of downtown Orlando.   The Hilton Hampton Inn & Suites Clermont has undergone approximately $2.3 million in capital expenditures since 2012 ($26,085 per key), with no additional funds reserved for renovations.

55.    Defendant Stuart LLC operates the Hilton Hampton Inn & Suites Stuart, a 4-story, 102-key, select service hotel built in 2008 centrally located on Florida's Treasure Coast, home to beaches, historical landmarks and arts and entertainment community.  The Hilton Hampton Inn & Suites Stuart has undergone approximately $1.3 million in capital expenditures since 2012 ($13,198 per key), with no additional funds reserved for renovations.

56.    Defendant Chabot LLC operates the Hyatt House Pleasanton, a 3-story, 128-key extended stay hotel built in 1998 and located in the Hacienda Business Park, an 11 million square foot development in Pleasanton, Northern California.  The Hyatt House Pleasanton has undergone approximately $3.6 million in capital expenditures since 2012 ($28,394 per key), with an additional $1.5 million reserved at the closing of the Loan for renovations which were anticipated to be completed over the next 18 to 24 months after the closing of the Loan.

57.    Defendant Drinkwater LLC operates the Hyatt House Scottsdale, a 3-story, 164-key, extended stay hotel built in 1998 located two blocks south of Camelback Road in the heart of Downtown Old Town Scottsdale.  The Hyatt House Scottsdale has undergone $2.2 million in capital expenditures since 2012 ($13,200 per key), with an additional $3,150,000 reserved at the

closing of the Loan for renovations which were anticipated to be completed over 18 to 24 months after the closing of the Loan.

58.     Defendant Costa LLC operates the Hyatt House Pleasant Hill, a 4-story, 142-key extended stay hotel built in 2002 and centrally located in the Bay Area.  Hyatt House Pleasant Hill has undergone approximately $5.9 million in capital expenditures since 2012 ($41,412 per key) with an additional $800,000 reserved for exterior repairs and case goods refresh that were anticipated to be completed after closing of the Loan.

59.     Defendant Skibo LLC operates the Choice Comfort Inn Fayetteville, a 4-story, 176-key, select service hotel built in 1988 directly off U.S. Route 401 near with several demand generators, including Pope Air Force Base, Fayetteville State University, Methodist College, Fayetteville Technical Community College and Cape Fear Botanical Garden.  The Choice Comfort Inn Fayetteville has undergone $734,313 in capital expenditures since 2012 ($4,172 per key), with no additional funds reserved for renovations.

60.     Defendant Kenmore LLC operates the Marriott Courtyard Alexandria, an 11-story, 203-key, select service hotel built in 1976 located in Alexandria, VA, near Old Town Alexandria and Pentagon City.  The Marriot Courtyard Alexandria has undergone approximately $2.1 million in capital expenditures since 2012 ($10,178 per key), with an additional $390,304 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

61.     Defendant Vineland LLC operates the Marriott Fairfield Inn & Suites Orlando, a 4-story, 116-key, select service hotel built in 2001 located in Orlando, FL directly across the street from the Universal Studies Orlando and proximate to the Universal's Islands of Adventure and Orlando Premium Outlets.   The Marriot Fairfield Inn & Suites Orlando has undergone approximately $2.4 million in capital expenditures since 2012 ($20,919 per key), with an

additional $24,865 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

62.    Defendant St. Charles LLC operates the Marriott Courtyard Chicago, a 4-story, 121-key, is a select service hotel built in 2000 two miles east of downtown St. Charles just off Highway 64, a major east-west thoroughfare connecting St. Charles to Chicago.  The Marriot Courtyard Chicago has undergone approximately $1.8 million in capital expenditures since 2012 ($15,200 per key), with an additional $33,593 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

63.    Defendant 3798 White Lake LLC operates the Marriott SpringHill Suites Naples, a 4-story, 102-key, select service hotel built in 2008 in Naples, FL located at the gateway to Naples, Marco Island, and the Florida Everglades on State Road 951.  The Marriot SpringHill Suites Naples has undergone approximately $1.2 million in capital expenditures since 2012 ($11,666 per key), with an additional $41,912 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

64.    Defendant 3808 White Lake LLC operates the Marriott Fairfield Inn & Suites Naples, a 4-story, 109-key, select service hotel built in 2009 in Naples, FL located at the gateway to Naples, Marco Island, and the Florida Everglades on State Road 951.  The Marriot Fairfield Inn & Suites Naples has undergone $66,174 in capital expenditures since 2012 ($607 per key), with an additional $813,404 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

65.    Defendant Brookhollow LLC operates the Marriott Courtyard Houston, a 4-story, 197-key, select service hotel built in 1972 located at 2504 North Loop W Freeway in Houston, TX, approximately 12 miles from the George Bush International Airport.  The Marriot Courtyard

Houston has undergone approximately $3.0 million in capital expenditures since 2012 ($15,142 per key), with an additional $219,897 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

66.    Defendant Golden LLC operates the Marriott Residence Inn Greenbelt, a 4-story, 120-key, extended stay hotel built in 2002 located near the University of Maryland and downtown Washington, D.C.  The Marriott Residence Inn Greenbelt has undergone approximately $1.9 million in capital expenditures since 2012 ($15,640 per key), with an additional $521,718 reserved at the closing of the Loan for renovations to be completed after the closing of the Loan.

**C.**    ***Assignment of Loan Documents to Securitization Trust***

67.    On or about June 28, 2017, Original Lender assigned the Loan, including without limitation the Note, Security Instruments and other loan documents, secured by the HMH Portfolio to Plaintiff, solely in its capacity as Trustee for the benefit of the holders of the HMH Trust 2017-NSS, Commercial Mortgage Pass-Through Certificates, Series 2017-NSS (the "Trust").

68.    In connection therewith, the Original Lender assigned the twenty-two Security Instruments by assignments dated as of June 28, 2017 (the "Assignments"). Copies of the Assignments are attached hereto collectively as Exhibits 4a-4v.

69.    Also in connection therewith, Original Lender transferred the Note to Plaintiff by delivery to Plaintiff of an allonge to the Note endorsed to Plaintiff (the "Allonge").  A copy of the Allonge is attached hereto as Exhibit 5.

70.    The Loan Agreement, Note, Securities Instruments, Assignments, and Allonge are collectively referred to as the "Loan Documents" herein.

71.     Plaintiff serves as Trustee of the Trust pursuant to the Trust and Servicing Agreement, dated as of June 28, 2017 (the "TSA").  Under the TSA, Wells Fargo Bank, N.A. serves as the Master Servicer ("Wells Fargo"), and Aegon serves as the Special Servicer.

72.     Wells Fargo, as Master Servicer for the Trust, acts as the primary servicer for the Loan while there is no outstanding Event of Default or other significant issue relating to the Loan or the Hotels.

73.     Aegon, as Special Servicer for the Trust, will act as the primary servicer upon an Event of Default, or such other event that places the Loan or its collateral at risk.  Among other powers, Aegon has the right to direct the Trust, as it has here, to commence litigation to enforce the Trust's rights and remedies.

**D.     *The Default and Need for Receiver***

74.     Under the terms of the Loan Agreement, Defendants must pay the required debt service amount on the first day of each month.  Defendants must also, under Sections 5.2 and 5.3 of the Loan Agreement, maintain the Hotels in "good, safe and insurable condition" and shall not commit waste by taking any action that would "materially impair the value of the [Hotels] or the security for the Loan."

75.     Starting on April 1, 2020, and continuing through today, Defendants have failed to make the required monthly payments for April, May, June and July 2020, which constitutes an Event of Default under the terms of the Loan Agreement.  Defendants have also failed to maintain the Hotels and have committed waste by, among other things, failing to pay amounts due under the ground leases, failing to complete maintenance required by a franchisor (thereby threatening the franchise flag), allowing a mechanic's lien to be filed against a Hotel, failing to repair elevators

at a number of the Hotels, failing to maintain air conditioning units at a number of the Hotels, and failing to maintain wireless internet capabilities at a number of the Hotels.

76.    By letter dated April 6, 2020, Wells Fargo, as Master Servicer on behalf of Plaintiff, notified Defendants that they had failed to make the required monthly payment for April 2020 in the amount of $1,004,290.85.  A copy of the April 6, 2020 letter is attached hereto as Exhibit 6.

77.    By letter dated April 16, 2020, Defendants stated that they "have come to the painful conclusion that the HMH Portfolio will require a more substantive additional investment than current ownership would be organized to make in the long term."   Defendants further stated that they "believe the best outcome for the Portfolio is an orderly transition of the ownership of the . . . Collateral under Loan Documents . . . ."  A copy of the April 16, 2020 letter is attached as Exhibit 7.

78.    By letter dated April 17, 2020, a contractor, who Defendants had been hired to complete necessary work pursuant to a franchise improvement plan for the Residence Inn – Greenbelt, notified Defendants that it was filing a mechanic's lien against the Hotel for failure to pay $791,005.56.  The contract stated that this amount represented the balance due for work completed and that it would not complete the required work until paid.  Defendants' failure to complete the work pursuant to the franchise improvement plan places the franchise license at risk of loss.  A copy of the April 17, 2020 letter is attached hereto as Exhibit 8.

79.    By letter dated May 7, 2020, Defendants again stated that they wanted to end their management of the Hotels and asked that another party "take control of the Hotels immediately to preserve the Hotels and prepare for prompt disposition."   A copy of the May 7, 2020 letter is attached as Exhibit 9.

80.     By letter dated May 12, 2020, Wells Fargo, as Master Servicer on behalf of Plaintiff, notified Defendants that it had failed to pay the requirement monthly payment amounts under the Loan Agreement for April and May 2020, plus late charges, in the amount of in the amount of $2,088,924.96, and that the failure to pay the monthly payment amount of $1,004,290.85 on June 1, 2020, would constitute an Event of Default under the Loan Agreement. A copy of the May 12, 2020 letter is attached hereto as Exhibit 10.  Note that this letter is addressed to Borrower 700 Charles LLC as the first-listed borrower in Wells Fargo's computer system, but applies to all twenty-two borrowers.

81.     On May 29, 2020, Defendants sent a letter to Aegon stating that, as of June 1, 2020 the Defendants would be unable to pay: (1) the rent for the ground leases securing repayment of the Note, (2) franchise fees, or (3) payroll for employees coming due.  A copy of the May 29, 2020 letter is attached as Exhibit 11.

82.     On June 1, 2020, Defendants failed to pay debts due for the ground leases due on twenty-one of the twenty-two Hotels, placing the collateral for the Note at risk if the ground leases were terminated.  Defendants notified Plaintiff of its failure by email dated June 4, 2020.  A copy of  Defendants' June 4, 2020 email is attached as Exhibit 12.

83.     On June 4, 2020, Aegon, as Special Servicer on behalf of Plaintiff, sent Defendants a letter entitled "Notice of Event of Default and Special Servicing Transfer," in which Aegon restated Defendants' duty to maintain the Hotels and prevent waste, and that failing to pay the ground leases constituted waste.  Aegon also notified Defendants that an Event of Default existed under the Loan Agreement due to their failure to pay the April, May, and June 2020 monthly payment amounts due on the Loan, and that their the failure to pay amounts due under the ground

leases on July 1, 2020 constituted an Event of Default under the Loan Agreement. A copy of Aegon's June 4, 2020 letter is attached as Exhibit 13.

84.    By letter dated June 9, 2020, Defendants claimed that due to a lack of operating funds, the Hotels will be forced to close on June 22, 2020. A copy of the June 9, 2020 letter is attached as Exhibit 14.

85.    On June 15, 2020, the Defendants again stated that the Hotels will be forced to close on June 22, 2020 due to a lack of operating capital. A copy of the June 15, 2020 letter is attached as Exhibit 15.

86.    By emails dated July 7 and 9, the two property managers that Defendants had hired to operate the Hotels emailed Plaintiff to provide notice of the dire situation they faced. On July 7, Kevin Green of Chartwell Hospitality, the manager for seventeen of the Hotels, stated that the Hotels cannot pay bills for "payroll and the utilities" and that "we have vendors that are cutting us off." He further stated that elevators are "down" and that there are "a few hotels that no longer have PTAC [air conditioning] units in the rooms," among other things. On July 9, David McCaslin, of HHM Hospitality, the property manager for the remaining five properties, similarly emailed Plaintiff to state that the Hotels he managed were "cut off from some suppliers and we have not made a payment in the last 2.5 weeks other than taxes," and that they have "emergency cash needs to get the Wi-Fi running again" and that one Hotel was "struck by lightning." A copy of the email chain including both the July 7 and 9, 2020 emails are attached as Exhibit 16.

87.    On July 13, 2020, counsel for key franchisor Marriott, Brent Stewart of Baker McKenzie, emailed Aegon's counsel at Alston & Bird, relaying its approval of Plaintiff's proposed receiver and laying out the current monetary deficiencies at the seven Marriott-flagged Hotels. Marriott notified Plaintiff that outstanding deficiencies totaled $238,684.85. If this amount is not

paid, Marriott could terminate the franchise agreements, which would substantially and permanently harm the Hotels' value. A copy of the email chain including both July 13, 2020 emails is attached as Exhibit 17.

88.    On July 10, 2020, Aegon, on behalf of Plaintiff, notified Defendants that their failure to pay the July 1, 2020 monthly payment amount due under the Loan Agreement constituted an Event of Default under the Loan Agreement. A copy of the July 10, 2020 letter is attached as Exhibit 18.

89.    On August 1, 2020, Defendants again failed to pay amounts due under the ground leases for the Hotels. By letter dated August 3, 2020 the landlord notified Defendants, copying Plaintiff, that if the ground rent was not paid by August 15, 2020, it intended to "avail itself of all remedies available" including "termination of [each] Lease" for the Hotels. Foreclosure on the ground leases would irreparably and seriously harm the value of Plaintiff's collateral. A copy of the landlord's August 3, 2020 letter is attached as Exhibit 19.

90.    On August 3, 2020, Aegon, on behalf of Plaintiff, notified Defendants that their failure to pay the August 1, 2020 monthly payment amount due under the Loan Agreement (in addition to the April, May, June and July 2020 monthly payment amounts) constituted an Event of Default under the Loan Agreement. A copy of the August 3, 2020 letter is attached as Exhibit 20.

91.    As of the date of this complaint, Defendants have failed to satisfy their obligations under the Loan Documents despite demand. As a result, there is now due and owing to Plaintiff, reimbursement for substantial costs and expenses incurred to maintain and prevent waste at the Hotels, including, without limitation, Plaintiff's reasonable attorneys' fees and costs.

**E.**     *Plaintiff's Remedies Under the Loan Agreement and Security Instruments*

92.    Pursuant to the express terms of the Loan Agreement and the Security Instruments, Defendants have agreed that Plaintiff may seek the appointment of a receiver following an Event of Default.

93.    For twenty of the twenty-two Properties[1], the applicable Deed of Trust, Deed to Secure Debt, and Mortgage contain nearly identical language at Section 8.1(g):

> Upon the occurrence and during the continuance of any Event of Default, Grantor agrees that Lender may or acting by or through Trustee may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Grantor and in and to the Property, including, but not limited to, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Lender or Trustee may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Lender or Trustee:
> [. . . ]
> (g)    apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Grantor, Sponsor or any other Person liable for the payment of the Debt;

94.    For the remaining two Hotels[2], the applicable Deed of Trust provides the following, in Section 19.7:

> Grantor acknowledges that a receiver may be appointed pursuant to this Security Instrument, or pursuant to applicable law, or otherwise,

---

[1] This language applies to the following twenty-two Hotels: Hilton Homewood Suites Phoenix; Hilton Hampton Inn Charlotte; Comfort Inn Fayetteville; Hilton Hampton Inn Raleigh; Hilton Homewood Suites Raleigh; Marriott Courtyard Houston; Hilton Homewood Suites Houston; Hilton Garden Inn San Antonio; Hyatt House Scottsdale; Hyatt House Pleasant Hill; Hyatt House Pleasanton; Residence Inn Greenbelt; Courtyard Alexandria Pentagon South; Hilton Hampton Inn Atlanta; Hilton Garden Inn Atlanta North; Fairfield Inn and Suites Naples; Fairfield Inn & Suites Orlando; Hampton Inn & Suites Stuart; Springhill Suites Naples; Hampton Inn & Suites Fort Myers; Hampton Inn & Suites Clermont; and Marriott Courtyard Chicago (700 St. Charles).
[2] This language applies to the following two Properties: Hilton Homewood Suites Phoenix and Hyatt House Scottsdale.

irrespective of whether or not any judicial or nonjudicial foreclosure of this Security Instrument has been instituted.

95.     The Hotels are the sole assets of the Defendants.

96.     Except for certain limited qualifications as set forth in the Loan Documents, Defendants have no personal liability for repayment of the Loan, and Plaintiff's sole recourse for repayment of the Loan is the collateral securing the Loan, including the Hotels.

97.     Each of the twenty-two Hotels are in danger of shutting down, losing their franchise flags, and (for twenty-one Hotels) losing their ground leases, without adequate additional funds to continue operations and making needs renovations.  Defendants admit they lack the necessary funds and skills to continue operating the Hotels and consent to the appointment of a receiver for the Hotels.

98.     There is manifest danger of loss, deterioration and diminution of the Hotels that are the primary sources for the repayment of the Loan, and Plaintiff, as an interested and secured party, is threatened with material losses and injuries for which it has no adequate remedy at law against Defendants.

99.     Plaintiff is contractually and equitably entitled to the appointment immediately of a receiver to take possession of the and hold, subject to the discretion of this Court, the Hotels and Defendants' assets.

100.    Defendants do not contest that they are in default under Loan Agreement and have consented to the appointment of a receiver through the signed declaration of Kimberly F. Aquino, the authorized representative for each of the Defendants.  The Declaration of Kimberly F. Aquino, dated July 31, 2020, is attached hereto as Exhibit 21.

## COUNT I
### (Breach of Contract)

101.    Plaintiff realleges and incorporated by reference, as if set forth fully herein, the allegations contained in paragraphs 1 through 100 of this Complaint.

102.    Plaintiff and Defendants are parties to the Loan Agreement regarding the financing provided to Defendants.

103.    Pursuant to Loan Agreement Sections 5.11(a)(ii) and 5.11(c), Defendants must furnish to Plaintiff certain enumerated financial information concerning the Hotels, such as Gross Revenues received, the Operating Expenses incurred, the net operating income before and after debt service and Capital Expenditures and containing occupancy, average daily room, and revenue per available room statistics, among other things.

104.    Defendants must also, under Sections 5.2 and 5.3 of the Loan Agreement, maintain the Hotels in "good, safe and insurable condition" and shall not commit waste by taking any action that would "materially impair the value of the [Hotels] or the security for the Loan."

105.    Defendants have failed to furnish financial information to Plaintiff, have failed to maintain the Hotels in accordance with the terms of the Loan Agreement, and have failed to prevent waste at the Hotels.

106.    Defendants failure maintain the Hotels and prevent waste constitutes an Event of Default under the Loan Agreement and a breach of the Loan Agreement.

107.    As a proximate result of Defendants' breach, Events of Default have occurred under the Loan Agreement and Plaintiff is contractually entitled to exercise its remedies under the Loan Agreement, including applying for the appointment of a receiver for the Properties.  Plaintiff does not seek to collect on full amount of the Note but seeks only to be reimbursed for its costs and expenses, including attorneys' fees, incurred to remedy Defendants' breaches.

## COUNT II
### (Appointment of a Receiver)

108.    Plaintiff realleges and incorporated by reference, as if set forth fully herein, the allegations contained in paragraphs 1 through 107 of this Complaint.

109.    The Hotels are the sole assets of Defendants.

110.    Except for certain limited qualifications as set forth in the Loan Documents, Defendants have no personal liability for repayment of the Loan, and Plaintiff's sole recourse for repayment of the Loan is the collateral securing the Loan, including the Hotels.

111.    Defendants have failed to maintain and prevent waste at the Hotels and have failed to pay all amounts due and owing under the Loan Documents, which constitute Events of Default under the Loan Documents.

112.    The Loan Documents expressly allow Plaintiff to seek the appointment of a receiver upon the Occurrence of an Event of Default.

113.    Defendants and their agents are still in possession of the Hotels.

114.    Defendants have stated that they lack funds and skills necessary to continue operating each of the twenty-two Hotels and consent to the appointment of a receiver over the Hotels.

115.    Each Hotel is therefore in danger of losing its franchise flags and, for twenty-one Hotels, losing their ground leases.

116.    Plaintiff, as an interested secured party, is threatened with material losses and injuries, including the Hotels continuing waste and dissipation or diminution in value, if Defendants remain in control of the Hotels.

117.    Therefore, in accordance with Rule 66 of the Federal Rules of Civil Procedure, Plaintiff, as a secured creditor, asks the Court to appoint a receiver to take immediate possession

of and hold, subject to the discretion of this Court, the Hotels and related assets, books and records in Defendants' possession.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A.      That the Court grant Plaintiff the relief it seeks on all counts;

B.      That the Court appoint a receiver to take possession of, control and hold the Hotels and all other assets owner by Defendants;

C.      That Defendants and their agents charged with operating and/or managing the Hotels promptly render an accounting for all income from the Hotels and all other revenue from their assets received by Defendants, and provide all such information and reports concerning the ownership, use, operation, management, repair, maintenance and leasing of the Hotels and other assets as may be required by this Court to provide the receiver appointed by this Court with the information necessary to perform its obligation as receiver of the Hotels and the other assets;

D.      That the receiver appointed by this Court shall segregate, preserve, protect, collect and account for, and manage, operate, lease, maintain and preserve, the Hotels and Defendants' other assets;

E.      That Defendants promptly pay over to the receiver and cause Defendants' affiliates and the management companies currently managing the Hotels to promptly pay over to the receiver (1) all deposits by tenants of the Hotels and all rents, revenues and other income from the Hotels and all other funds which are a part of Defendants' assets which are currently in their possession or control, including without limitation the funds associated with any and all loans from Celtic Bank Corporation, as PPP Lender, to the applicable Defendant, as borrower, dated as of June 29, 2020, made pursuant to the federal Paycheck Protection Program provided in Section 7(a) of the

Small Business Act of 1953, as amended by the CARES Act ("PPP Loans"); and (2) all such deposits, rents, revenue and other income from the Hotels and other funds which are a part of Defendants' assets which are received by any of them from and after the appointment of the receiver, including without limitation the funds associated with any PPP Loans;

F.     That the receiver pay to Plaintiff on a monthly basis any income and revenue from the Hotels in excess of that amount reasonably required to manage, operate, lease, maintain and preserve the Hotels and the other assets;

G.     That Plaintiff be permitted, at its sole election, and be authorized to make such advances to the receiver for the benefit and account of Defendants under the Loan Documents as may be necessary from time to time, in the exercise of Plaintiff's sole discretion, and as provided under the Loan Documents, to pay costs and expenses reasonably required to manage, operate, lease, maintain and preserve the Hotels to the extent that rents, income and other revenue from Defendants' assets, including the Hotels, are insufficient to pay such costs and expenses, all without Plaintiff becoming a mortgagee in possession or incurring any other liability to Defendants;

H.     That any such advances made by Plaintiff pursuant to the foregoing paragraph G of this prayer be additional indebtedness which is owed to Plaintiff under the Note and is secured by the Security Instruments and the other Loan Documents;

I.     That Plaintiff be permitted to commence and consummate, without further order of this Court, judicial and non-judicial foreclosure proceedings against all or any part of the Hotels under and pursuant to the powers granted by Defendants to Plaintiff in the Security Instruments and that the receiver be discharged immediately if and when the sale of all of the Hotels is consummated;

J.      That the receiver be authorized, upon request by Plaintiff, to list or otherwise advertise for sale and to solicit offers to purchase the Hotels and to sell the Hotels, on such terms as are acceptable and approved in writing prior to such sale by Plaintiff, by way of public or private sale or other disposition in accordance with the applicable provisions of 28 U.S.C. § 2001 and 2004, free and clear of all security interests, liens, claims and other interests with all valid security interests and liens to attach to the proceeds of such sale(s);

K.      That this Court tax all costs of this action to Defendants; and

L.      That this Court award such other and further relief as is just and proper.


Dated:      New York, New York
            August 4, 2020

                        **ALSTON & BIRD LLP**

                        By: _/s/ John P. Doherty_
                            John P. Doherty, Esq.
                            David C. Wohlstadter, Esq.
                            90 Park Ave
                            New York, New York 10016-1387
                            (212) 210-9400
                            john.doherty@alston.com
                            david.wohlstadter@alston.com

                            _Attorneys for Plaintiff Wilmington Trust, N.A.,
                            solely in its capacity as Trustee, acting by and
                            through Aegon USA Realty Advisors, LLC, solely in
                            its capacity as special servicer_