```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
----------------------------------------

WILMINGTON TRUST, N.A.,
                    Plaintiff,          20-cv-6089 (JGK)

      - against -                ORDER

5400 RALEIGH CRABTREE, LLC ET AL.,
                    Defendants.

----------------------------------------

**JOHN G. KOELTL, District Judge:**

    On August 4, 2020, Wilmington Trust, N.A., (the "Creditor") filed a complaint against twenty-two entities that had borrowed $204,000,000 under a single loan agreement from the Creditor (such entities, the "Debtors"), ECF No. 1, ¶ 1, alleging breach of the loan agreement. Id. ¶¶ 101-07. The Creditor also requested that Jeffrey Kolessar be appointed the Receiver for the assets of the Debtors. ECF No. 6. On August 19, 2020, the Court so-ordered the consent order appointing Jeffrey Kolessar as the Receiver for the assets of the Debtors. ECF No. 29 (the "Receivership Order").

    On November 22, 2021, the Debtors moved for the Receiver to reimburse the Debtors for certain expenses incurred in operating the collateral (the "Expenses"). ECF No. 86. Those expenses included certain taxes and other fees payable to the states of California, Delaware, and Texas. Id. The Receiver filed a response in which it "d[id] not formally oppose the [m]otion," but instead "respectfully submit[ted] that [the Debtors] ought

not seek an Order directing the Receiver's payment or reimbursement of the Expenses, but, rather, should seek amendment of the Receivership Order to specifically authorize the Receiver to" pay or to reimburse the Expenses. ECF No. 89. The Creditor "support[ed]" this response. ECF No. 90. The Debtor filed a reply in which it continued to seek payment of the Expenses, but requested in the alternative that the Court "modify the Receiver[ship] Order to specifically direct" payment of the Expenses. The time to answer the complaint has been extended to April 29, 2022. ECF No. 99.

28 U.S.C. § 3103(e) provides that "[o]n motion of the receiver or on its own initiative, the court which appointed the receiver may . . . modify the receiver's powers." The purpose of a receivership is generally to protect property from damage or mismanagement. See id. § 3103(a). The purpose of the receivership in this case was likewise to preserve the property that served as collateral for the loans. See ECF No. 1, ¶¶ 110, 116-17 (seeking the appointment of a receiver because of the threat of diminution in value if the collateral remained in the hands of the Debtors); Receivership Order ¶¶ 1, 4, 38 (authorizing and directing the receiver to "hold, secure, take charge of, preserve and protect" the collateral).

Modification of the Receivership Order is appropriate in this case. The Receivership Order appears to allow the Receiver

2

to pay the Expenses. Receivership Order ¶ 15(d) directs the receiver to pay "reasonable out-of-pocket third-party costs and expenses incurred by the Receiver in the ordinary course of the performance of the Receiver's duties in accordance with th[e Receivership] Order." Receivership Order ¶ 15(e) further directs the receiver to pay all monthly "costs, expenses, payments and other monetary obligations and liabilities . . . directly related to the" collateral which arise "after the date of th[e Receivership] Order and [are] reasonably necessary to hold, retain, manage, lease, operate, use, preserve and protect [the collateral] in accordance with th[e Receivership] Order." Receivership Order ¶ 19 notes that the Receiver "shall have no obligation to prepare or file state or federal tax returns . . . and shall not be responsible for paying any <u>unpaid</u> federal or state taxes" on behalf of the Debtors (emphasis added).

Because the Receiver's powers are delimited by the Receivership Order, to the extent the Receiver has any doubt as to the Receiver's authority to pay the Expenses and similar future expenditures, it would be "appropriate to accomplish the purpose of the receivership while maintaining compliance with the relevant law" to clarify that the Receiver has the authority to pay the Expenses and similar future expenditures. See Baker v. David Alan Dorfman, P.L.L.C., 232 F.3d 121, 124 (2d Cir. 2000). Courts have found that paying applicable taxes may

3

contribute to the preservation of assets under a receivership. See, e.g., Michigan ex rel. Haggerty v. Michigan Tr. Co., 286 U.S. 334, 344 (1932); MacGregor v. Johnson-Cowdin-Emmerich, Inc., 39 F.2d 574, 576-77 (2d Cir. 1930). The same is true in this case. It would further the purposes of the receivership for the Receiver to pay, and for the Receiver to be certain of the Receiver's authority to pay, the Expenses and similar future expenditures.

None of the parties has disputed that the Expenses at issue are appropriate and that, if permitted by the Receivership Order, they should be paid. Moreover, no party disputes that a modification to the Receivership Order to permit the Expenses to be paid would be appropriate.

Therefore, the Receivership Order is amended to permit the Receiver to pay the Expenses and any future similar expenses.

The Clerk is directed to close Docket No. 86.

SO ORDERED.
Dated:   New York, New York
         March 16, 2022

                                    _____
                                            John G. Koeltl
                                    United States District Judge