UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, N.A., solely in its capacity as Trustee for the benefit of the holders of HMH Trust 2017-NSS, Commercial Mortgage Pass-Through Certificates, Series 2017-NSS,<br><br>Plaintiff,<br><br>v.<br><br>5400 RALEIGH CRABTREE, LLC, 4025 WINDWARD PLAZA ALPHARETTA, LLC, 769 HAMMOND ATLANTA, LLC, 8419 N TRYON CHARLOTTE, LLC, 401 BAY AREA CLEAR LAKE, LLC, 2536 W BERYL PHOENIX, LLC, 201 ASHVILLE RALEIGH, LLC, 12828 SAN PEDRO SAN ANTONIO, LLC, 10611 CHEVROLET - FORT MYERS, LLC, 2200 EAST HIGHWAY 50 - CLERMONT, LLC, 1150 NW FEDERAL - STUART, LLC, 4545 CHABOT CA, LLC, 4245 NORTH DRINKWATER AZ, LLC, 2611 CONTRA COSTA CA, LLC, 1922 SKIBO CROSS CREEK LLC, 4641 KENMORE VA, LLC, 5614 VINELAND - ORLANDO, LLC, 700 ST. CHARLES, LLC, 3798 WHITE LAKE - NAPLES, LLC, 3808 WHITE LAKE - NAPLES, LLC, 2504 N LOOP BROOKHOLLOW, LLC, and 6320 GOLDEN TRIANGLE MD, LLC,<br><br>Defendants. | Case No. 1:20-cv-06089-JGK |

## **ORDER**

**THIS MATTER** is before the Court on the motion (ECF No. 164) by the court-appointed receiver in this action, Jeffrey Kolessar of GF Hotels & Resorts ("Receiver"), brought on by order to show case dated December 20, 2023 (ECF No. 169) seeking an order with respect to the 22 hotels that are the subject of this action and identified on Schedule A here (the "Mortgaged Properties") as follows: (a) authorizing Receiver to conduct a non-judicial foreclosure sales of a portion of the mortgaged properties; (b) authorizing Receiver to convey a portion of the mortgaged

#241956236_v1 527693.00002

properties via Receiver's sale; (c) authorizing Receiver to convey the remaining mortgaged properties by deed-in-lieu of foreclosure to Plaintiff or Plaintiff's designee through a foreclosure; (d) determining that Defendants expressly objected to the Deed in Lieu Transaction and that, to the extent Defendants' participation is required to complete the Deed in Lieu Transaction, it is occurring at the express direction of both the Receiver and this Court; (e) setting a deadline for non-party ACF L1-M, LLC ("Mezzanine Lender") to exercise its rights, if any, under that certain Intercreditor Agreement, dated as of June 28, 2017, (the "Intercreditor Agreement") by and between National Select Service Funding, LLC (Plaintiff's predecessor-in-interest), as Senior Lender, and Mezzanine Lender; and (e) granting such other and further relief as the Court deems proper (ECF No. 164) (the "Motion"). Upon review of the Motion, the opposition thereto submitted by Defendants and Mezzanine Lender, and upon oral argument held on February 2, 2024, the Memorandum Opinion and Order dated February 5, 2024 (ECF No. 191) (the "February 5th Opinion") and for good cause shown, it is:

**ORDERED, ADJUDGED AND DECREED**, that as set forth in the February 5th Opinion, the Motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED**, that pursuant to the powers and authority granted to Receiver by way of the Consent Order Appointing Receiver (ECF No. 29) (the "Order Appointing Receiver"), Receiver is hereby authorized, subject to Plaintiff's approval, to convey, liquidate, or otherwise dispose of, the Mortgaged Properties through a combination of: (a) delivery of deeds-in-lieu of foreclosure; (b) receiver's sales; and/or (c) the sale of the Mortgaged Properties through non-judicial foreclosure sales, in his sole discretion; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if, in his sole discretion, Receiver elects to convey, liquidate, or otherwise dispose of, all or a portion of the Mortgaged Properties by

way of deeds-in-lieu of foreclosure, then upon receipt of written consent from Plaintiff, Receiver is (a) authorized to direct in writing the applicable Defendant's participation in the consummation of the deeds-in-lieu of foreclosure, or the applicable Defendant's execution of any documentation to consummate said deeds-in-lieu of foreclosure; and/or (b) authorized to execute any documentation on behalf of the applicable Defendant, as Defendants' attorney-in-fact, after ten (10) business days from Receiver's directive in writing to the applicable Defendant; and it is further

**ORDERED, ADJUDGED AND DECREED**, that upon Receiver's election to convey, liquidate, or otherwise dispose of, all or a portion of the Mortgaged Properties through a combination of: (a) delivery of deeds-in-lieu of foreclosure; (b) receiver's sales; and/or (c) the sale of the Mortgaged Properties through non-judicial foreclosure sales, in his sole discretion, Receiver shall notify Plaintiff of Receiver's aforementioned election within ten (10) business days and, thereupon, Plaintiff may submit response thereto within ten (10) business days thereafter; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Receiver shall not be liable for any costs and expenses incurred by Defendants in connection with the conveyance, liquidation, or other disposition of, the Mortgaged Properties; and it is further

**ORDERED, ADJUDGED AND DECREED**, that any conveyance, liquidation, or other disposition of, the Mortgaged Properties by Receiver shall be deemed proper and in accordance with this Order and the Order Appointing Receiver, if conducted pursuant to applicable state, local, and/or federal laws; and it is further

**ORDERED, ADJUDGED AND DECREED**, that this Court's Order does not extinguish or make any determination as to the rights of either the Defendants or Mezzanine Lender or Guarantor in relation to the mezzanine loan documents; and it is further

**ORDERED, ADJUDGED AND DECREED**, that Receiver shall serve a copy of this Order, by overnight delivery, upon non-party Mezzanine Lender, at: (a) c/o The Arden Group, Inc. 1635 Market Street, 17th Floor, Philadelphia, Pennsylvania 19103, Attention: Joseph S. Caruso, Managing Director and CFO; (b) c/o The Arden Group, Inc. 1635 Market Street, Suite 2600, Philadelphia, Pennsylvania 19103, Attention: Joseph S. Caruso, Managing Director and CFO and (c) Paul Hastings LLP, 200 Park Avenue, New York, New York 10116, Attention: Eric F. Allendorf, Esq.; (d) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attention: Jodi Kleinick, Esq.; and that such service shall constitute a DIL Notice (as defined in the Intercreditor Agreement) for the purposes of the Intercreditor Agreement; and it is further

**ORDERED, ADJUDGED AND DECREED**, that within ten (10) business days of the liquidation of each of the Mortgaged Properties, Receiver shall file with the Court a report setting forth: (a) the identity of the property transferred; (b) the manner by which Receiver liquidated the property and (c) the date of the conveyance of the title to the property; provided however, that in the event that Receiver shall liquidate any of the Mortgaged Properties by foreclosure sale, then Receiver shall also include: (i) the amount of the successful bid at the foreclosure auction and (ii) the resulting deficiency or surplus, if any, with respect to Defendants' obligations on the loan held by Plaintiff that is the subject of this action; and it is further

**ORDERED, ADJUDGED AND DECREED**, that except as set forth herein, the Order Appointing Receiver shall remain unchanged and in full force and effect until Receiver is discharged.

#241956236_v1 527693.00002

**SO ORDERED** this 27 day of February, 2024.

*[signature]*

Honorable John G. Koeltl
United States District Judge